**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

STEVEN GEORGE BODNAR,

Petitioner,

v.

WARDEN,

Respondent.

CAUSE NO. 3:26-CV-1493-PPS-JEM

**OPINION AND ORDER**

Steven George Bodnar, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decisions (MCF-25-3-1810, MCF-25-3-1894) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of attempting to assault staff and the improper use of bodily waste in violation of Indiana Department of Correction Offenses 117 and 123. ECF 1 at 2; *see also* ECF 1-1 at 6-8. Pursuant to Section 2254 Habeas Corpus Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"

In the petition, Bodnar argues that he is entitled to habeas relief because he believes that he was forced to commit these disciplinary offenses. ECF 1 at 4. He explains that correctional staff would not protect him from other inmates and that he twice assaulted officers with bodily waste in order to secure his removal from general population. *See id.* at 8-12. Significantly, in order to obtain habeas relief, Bodnar must demonstrate that his disciplinary proceedings violated some aspect of constitutional or

federal law. *See* 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a). The alleged lack of response to Bodnar's requests for protection is concerning and may have violated his constitutional rights, but whether the ensuing disciplinary proceedings violated his constitutional rights is an entirely separate question. What Bodnar appears to be asserting is that he has the right to something akin to the defense of necessity within the context of prison disciplinary proceedings. *See United States v. Sahakian*, 453 F.3d 905, 909 (7th Cir. 2006) ("A defendant seeking to invoke the defense of necessity in a criminal case must establish that he faced an imminent threat of serious bodily injury or death and that he had no reasonable legal alternatives to avoid that threat.").

Significantly, the Seventh Circuit has held that there is no constitutional right "to raise self-defense as a complete defense in prison disciplinary proceedings." *Scruggs v. Jordan*, 485 F.3d 934, 938–39 (7th Cir. 2007); *Rowe v. DeBruyn*, 17 F.3d 1047, 1054 (7th Cir. 1994). In *Rowe*, the Seventh Circuit found that the constitutional right of self-defense had not been established in the criminal context and recognizing such a right in the prison disciplinary context would be even less justified. 17 F.3d at 1052. It reasoned that a "right that threatens to undermine prison discipline by encouraging inmates to combat violence with more violence subverts a core prison function of ensuring order and safety within the institution." *Id.* at 1052–53. That reasoning seems to apply with equal force to the defense of necessity, particularly within the context of this specific case in which Bodnar "assault[ed] prison guards with bodily fluids" in order to prevent violence to himself. ECF 1 at 10. Consequently, this claim does not entitle Bodnar to habeas relief.

Because the petition appears to state no valid habeas claims, I am inclined to deny the habeas petition. Nevertheless, out of an abundance of caution, I will afford Bodnar an opportunity to file an amended petition if he believes he has other valid habeas claims. If he chooses to file an amended petition, he should do so on the court's approved form for habeas petitions challenging prison disciplinary proceedings.

For these reasons, the court:

(1) GRANTS the motion for leave to proceed *in forma pauperis* (ECF 2);

(2) DIRECTS the clerk to send Steven George Bodnar a copy of the court's approved form for a habeas petition challenging a prison disciplinary proceeding;

(3) ORDERS Steven George Bodnar to file an amended habeas petition on the proper form by <u>December 14, 2026</u>: and

(4) CAUTIONS Steven George Bodnar that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on November 4, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT